PONCE & GUAYAMA RAILROAD COMPANY v. ANTONETTI ET AL.

APPEAL from the District Court of Ponce.

No. 622.—Decided March 27, 1911.

ALLEGATIONS—DEMURRER—JURISDICTION—REMOVAL OF CAUSE.—Where the court has jurisdiction over the subject matter of the suit and the defendants file a demurrer pleading lack of jurisdiction over the person of the defendants, on the ground that they reside in another district, such demurrer must be disregarded, because the adequate remedy, according to the Code of Civil Procedure, is to request the transfer of the cause to the proper court, and in failing to do so, the defendants submitted to the jurisdiction of the court.

The facts are stated in the opinion.

Messrs. Coll y Cuchi Hermanos for appellant.

Mr. José Tous Soto for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

There is only one question in this case. It is this: Did the trial court err in holding that it had jurisdiction of the defendants, notwithstanding the exception setting up want of jurisdiction?

The action is one to subject certain lands of the defendants to expropriation for the purpose of building a railroad. The complaint sets out the residence of the defendants, none of whom reside within the Judicial District of Ponce. The defendants excepted to the complaint, alleging want of jurisdiction in the court.

This same case was brought to this court by writ of certiorari at a former term, and on that occasion the same question was raised and decided. In the opinion rendered on June 20, 1910, the Chief Justice, speaking for this court, used the following language:

"But going into the merits of the point in issue, we are of opinion that the District Court of Ponce had jurisdiction to hear the expropriation suit brought by The Ponce & Guayama Railroad Company, by reason of the subject matter and of the persons of the defendants; it had jurisdiction of the subject matter, because suits for expropriation are submitted, by virtue of the law, to the jurisdiction of the district courts, which are courts of general jurisdiction; and on account of

the persons of the defendants, because they having appeared voluntarily before the District Court of Ponce, their appearance is the same as if they had been personally summoned and had received a copy of the complaint, the court having therefore acquired jurisdiction over them. And so it is that, according to section 77 of the Code of Civil Procedure, the plaintiffs submitted themselves to the court of Ponce by the mere fact of having filed their complaint in said court, and the defendants for not presenting any motion requesting a transfer of the case to the proper court." (*Antonio and Fernando Ahumada* v. *Emilio del Toro*, Judge of First Section of the District Court of San Juan, November 18, 1908.)

"Section 82 of the code referred to provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant at the time he appears and answers or demurs files an affidavit of merits, and demands, in writing, that the trial be had in the proper district. In this case the defendants have not asked for a transfer of the suit in the manner provided by the law, and therefore the case may proceed in the District Court of Ponce, in spite of the fact that the land to which the complaint refers lies in Guayama, and notwithstanding the fact that the defendants are not residents of said district."

The court had jurisdiction of the subject matter; and the exception alleging want of jurisdiction over the persons of the defendants was properly overruled because the defendants, having been duly cited, appeared and failed to move for a removal of the cause to another court, which was the proper remedy under our statute, and not a demurrer for want of jurisdiction, as was the course pursued by the appellants.

As our statute is different from those of other States their decisions cannot be taken as precedents to be followed by our courts.

It is urged by the appellants that the opinion quoted as rendered in this case when presented on *certiorari* should not be followed because it was an *obiter dictum*. Possibly it was not necessary to the decision of the *certiorari;* and may be considered as an obiter in that proceeding. But it has been followed and tacitly approved in the case of *Fajardo* v. *Tió,*

decided on February 24 last, and is correct in its reasoning, and we feel constrained to adopt it in this case. So that, whatever it may have been heretofore, it is now no longer an unsupported decision.

Since the court had jurisdiction and no proper means were taken to deprive it thereof there was no error in maintaining the jurisdiction and rendering the judgment, which must be affirmed.                                              *Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not sit at the hearing of this case.